INDEPENDENT REALTY COMPANY, APPELLANT, v. CHARLES FRIEDLAND AND WIFE, RESPONDENTS.

Argued May 1, 1945—Decided September 26, 1945.

Before Brogan, Chief Justice, and Justices Parker and Oliphant.

For the plaintiff, *Walter J. Bilder*.

For the defendants, *Herman E. Dultz*.

The opinion of the court was delivered by

PARKER, J.   The suit is for an alleged balance of $5,000 claimed to be due on a mortgage bond of $15,000 dated November 10th, 1925, made by the defendants-respondents to one George J. Busch.   Admittedly Busch collected $6,000 of principal, and later $4,000 of principal from a subsequent purchaser of the realty.   Busch later assigned the bond and mortgage to the plaintiff.

The defense, which was submitted to the jury as the crux of the case, was that as additional security for the original $15,000 debt, defendants made another bond and mortgage at the same time and of the same date, in the amount of $6,000 covering other property, to the same mortgagee : that this last mortgage, which recited that it was given as security for a note of $6,000 was merely additional security for the $15,000 debt: that it was paid and canceled on March 25th, 1926: and that such payment, added to the other payments of $6,000 and $4,000 first mentioned, amounted to $16,000 or more than enough to satisfy the $15,000 bond sued on in this case.

The trial judge charged as requested by plaintiff-appellant "that the burden of proof rests upon defendants to prove that plaintiff's assignor or plaintiff were repaid the entire amount of defendants' indebtedness on the bond and mortgage in the sum of $15,000.   Unless defendants have proved repayment of that entire indebtedness to plaintiff or plaintiff's assignor, your verdict must be in favor of plaintiff;" and as requested by defendants that if the jury "believe that the defendants signed the bond and mortgage on High Street in the sum of $15,000 and gave as additional security for that bond and mortgage a note of $6,000 secured by a further mortgage on Halleck Street and paid the $6,000 to the holder of the High Street mortgage who stood in the shoes of the present plaintiff and that the $6,000 should have been credited to the $15,000, then there is nothing due to the plaintiff from these defend-

ants because the Gem Building and Loan paid $10,000 off on the mortgage and therefore you should find a verdict of no cause of action."

Of the eight grounds of appeal filed in the case, only the first and second are argued. The first ground of appeal charges error in refusing to strike out the "fourth separate defense" which was, in short, that the $6,000 mortgage on other property was merely additional security for part of the $15,000 original debt, and that payment of the $6,000 mortgage was consequently applicable to that debt. The argument is that the consideration of that defense violated the "parol evidence" rule, in that it contradicted the recital in the mortgage that defendant was indebted in the sum of $6,000 represented by a promissory note for that amount, &c. But we see no substance in that argument. "It is authoritatively settled, in this state, that it is competent to prove by parol what the real object of a mortgage is, and that it is given for a purpose not disclosed in the condition." *Campbell* v. *Perth Amboy, &c., Co.,* 70 *N. J. Eq.* 40 (at *p.* 59); *affirmed,* 71 *Id.* 302.

The second ground of appeal charges error in denial of a directed verdict for the plaintiff. As to this it would be sufficient to say that no exception to the direction was entered, and consequently the point is not properly before us: but apart from this, we are clearly of opinion that there was a definite issue of fact for consideration by the jury, who found for the defendant.

The judgment will be affirmed.